UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AGAPITO CAMACHO,<br><br>                              Plaintiff,<br><br>-against-<br><br>CPT. POTTER; SGT. PASCAL; SGT. McCORD; OFFICER POUKOWSKI; OFFICER THOMPSON; SGT. BRAUTWIZER; JOHN DOE NURSE ON JULY 2 7-3 SHIFT; SHERIFF DUBOIS; OFFICER DONAHUE OFFICER ROBINSON,<br><br>                              Defendants. | 21-CV-6180 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained in the Orange County Jail, brings this *pro se* action alleging that Plaintiff violated his rights under the Prison Rape Elimination Act ("PREA"). The Court also construes the complaint as asserting claims under 42 U.S.C. § 1983 that Defendants violated Plaintiff's federal constitutional rights. By order dated July 21, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint. During the week of June 21, 2021, Plaintiff saw another inmate "in [his] yard window." (ECF 2, at 7.) This incident was "not the first time" Plaintiff saw the inmate in his window. (*Id.*) Plaintiff informed Officer Poukowski of the incident and asked to be moved to a new cell, but Plaintiff "was told that nothing is wrong with [his] cell." (*Id.*)

Plaintiff then wrote to Captain Potter, the facility's Prison Rape Elimination Act ("PREA") Coordinator, to seek help. Plaintiff also complained about the incident to Sergeants McCord and Brautwizer, who told Plaintiff to notify the PREA Coordinator "instead of reporting the incident." (*Id.*) Plaintiff notified Officer Thompson, who contacted Sergeant Miller "who locked [Plaintiff] in pending investigation." (*Id.*) The next day, Plaintiff "asked Sgt. McCord for a grievance and was denied." (*Id.*)

Plaintiff then reported the incident involving the inmate in his window to a nurse, who notified Sergeant Pascal. Plaintiff reported the inmate to Pascal and asked for "the windows in the yard area to be frosted and be moved from [his] cell." (*Id.* at 8.) Plaintiff maintains that nothing was done to the other inmate.

On July 6, 2021, Officer Donahue asked Plaintiff to assist him in the supply closet. Donahue made "bias comments" regarding Plaintiff's PREA complaint. (*Id.*) Donahue also grabbed his own "groin area" and said, "'You ain't seen nothing yet.'" (*Id.* at 8-9.) Plaintiff alleges that he felt "intimidated." (*Id.* at 9.)

On July 7, 2021, Plaintiff "reported it to officer Robinson with no resolve."[2] (*Id.*) Later that evening, Plaintiff "reported [the] incident to officer Thompson who notified his supervisor Sgt. Brautwizer at which time [Plaintiff] was denied to go to medical to file [a] report for sexual harrasment." (*Id.*)

Plaintiff sues Captain Potter; Sergeants Pascal, McCord, and Brautwizer; Sheriff DuBois, Officers Poukowski, Thompson, Donahue, and Robinson; and a John Doe nurse.

Plaintiff alleges that he suffers from mental trauma, stress, and paranoia, and that he requires counseling for anxiety, which he has not yet received.

Plaintiff seeks $12 million in damages and injunctive relief including mental health counseling and sensitivity and PREA training for Defendants.

## DISCUSSION

**A.     PREA claims**

Plaintiff asserts that he is bringing his claims for "violation of PREA laws." (ECF 2, at 2.) Courts have held that there is no private right of action to bring a suit under the PREA. *See Miller v. Annucci*, No. 17-CV-4698, 2019 WL 4688539, at *10 (S.D.N.Y. Sept. 26, 2019); *McCloud v. Prack*, 55 F. Supp. 3d 478, 482 (W.D.N.Y. 2014); *Green v. Martin*, 224 F. Supp. 3d 154, 170-71 (D. Conn. 2016).[3] The Court therefore dismisses any claims Plaintiff is asserting

---

[2] It is unclear whether Plaintiff is referring here to the incident with the other inmate at his window or the incident with Officer Donahue.

[3] It does not appear that the Second Circuit has addressed the issue, but other circuit courts have concluded that the PREA does not provide a private right of action. *See Bowens v. Wetzel*, 674 F. App'x 133, 137 (3rd Cir. 2017) ("Bowens may not attempt to enforce statutes or policies that do not themselves create a private right of action by bootstrapping such standards into a constitutional deliberate indifference claim."); *Krieg v. Steele*, 599 F. App'x 231, 232-33 (5th Cir. 2015) (finding that PREA does not afford a private right of action).

under the PREA, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Failure to protect**

Plaintiff alleges that he "witnessed inmate John Doe in [his] yard window" and that Defendants subsequently failed to address Plaintiff's concerns. The Court construes these allegations as asserting claims under 42 U.S.C. § 1983 that Defendants failed to protect Plaintiff from harm.

A pretrial detainee's claim of deliberate indifference to his safety arises under the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29, 33 n.9 (2d Cir. 2017). To state such a claim, a prisoner must satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions of confinement are sufficiently serious, and (2) a "mental" element, which requires a showing that defendant acted with at least deliberate indifference to those conditions. *Darnell*, 849 F.3d at 29, 33 n.9.

To satisfy the objective element, a prisoner must plead facts that "show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety. *Id.* at 30 (internal quotation marks and citations omitted). To satisfy the mental element, a pretrial detainee must allege facts showing that a jail official "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. The negligence of a jail official is not a basis for a section 1983 claim for a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Darnell*, 849 F.3d at 36 ("[A]ny § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence.").

Here, Plaintiff's mere allegation that he "witnessed" another inmate "in [his] yard window" and that the incident made him "uncomfortable" does not suggest that Plaintiff's conditions of confinement posed an unreasonable risk of serious damage to his mental or physical health. Plaintiff's allegations, liberally construed, suggest only that the other inmate may have looked in Plaintiff's yard-level window. Plaintiff fails to allege facts explaining anything more about what the other inmate did to Plaintiff or why Plaintiff believes the other inmate posed a risk to his safety. As to the mental element of a deliberate indifference claim, nothing in the complaint suggests that anyone employed by the jail "knew or should have known," *Darnell*, 849 F.3d at 35, that the inmate who looked in Plaintiff's window posed an excessive risk to Plaintiff's health or safety.

The Court therefore grants Plaintiff leave to file an amended complaint alleging additional facts to suggest a plausible failure-to-protect claim under the Fourteenth Amendment.

**C.     Sexual harassment**

The Court construes Plaintiff's allegations that Officer Donahue made offensive and threatening gestures and remarks regarding Plaintiff's PREA complaint as asserting claims under section 1983 for sexual harassment or abuse.

Verbal abuse, threats, and intimidation standing alone, without injury or damage, do not amount to a constitutional deprivation. *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (name-calling without "any appreciable injury" is not a constitutional violation); *Jones v. Harris*, 665 F. Supp. 2d 384, 396 (S.D.N.Y. 2009) ("It is well-settled that verbal harassment by a corrections officer, inexcusable though it be, does not rise to the level of a constitutional violation."); *Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) (noting that "verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate,

6

unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983").

Although the Second Circuit has recognized that the "sexual abuse of a prisoner by a corrections officer may violate" the Constitution, *Boddie v. Schnieder*, 105 F.3d 857, 860-61 (2d Cir. 1997); *see also Crawford v. Cuomo*, 796 F.3d 252, 260 (2d Cir. 2015), allegations that a correction officer threatened sexual assault or harassed an inmate, but did not initiate physical contact, fail to state a cognizable claim under section 1983. *See, e.g., Jones v. Rock*, No.12–CV–0447, 2013 WL 4804500, at *19, n.10 (N.D.N.Y. Sept. 6, 2013) (stating that allegations that the defendant threatened sexual assault, without allegations of actual abuse, failed to state a cognizable claim under section 1983); *Vaughn v. Strickland*, ECF 1:12-CV-2696, 20, 2013 WL 3481413, at *3 (S.D.N.Y. Jul. 11, 2013) (noting that courts are reluctant to find an Eighth Amendment violation "[e]ven where inmates allege aggressive or inappropriate behavior during strip searches"); *Vogelfang v. Capra*, 889 F. Supp. 2d 489, 508 (S.D.N.Y. 2012) (noting that the court "found no case in which a plaintiff had established an actionable claim of sexual harassment under *Boddie* without having physical contact with the alleged perpetrator"); *Montero v. Crusie*, 153 F. Supp. 2d 368, 376 (S.D.N.Y. 2001) ("Verbal threats or harassment, unless accompanied by physical force or the present ability to effectuate the threat, are not actionable under § 1983.").

Plaintiff's description of Donahue's actions – that he made "bias[ed] comments" regarding Plaintiff's PREA complaint and grabbed his groin area while telling Plaintiff, "You ain't seen nothing yet" (ECF 2, at 9) – is not sufficient to state a claim for relief. Plaintiff does not allege that this single incident involved any inappropriate physical contact, that Donohue inflicted or caused him physical harm, or that Plaintiff actually faced a serious threat of harm.

The Court grants Plaintiff leave to amend his complaint to allege facts, should any exist, suggesting that Donahue did more than simply verbally harass or threaten him. Plaintiff should allege any facts that suggest Donahue had any inappropriate contact with him or exposed him to a significant risk of harm.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid section 1983 claim, the Court grants Plaintiff sixty days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-6180 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

9

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 9, 2021
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge