UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AGAPITO CAMACHO,

                     Plaintiff,

-against-

COUNTY OF ORANGE GOSHEN NY;
ORANGE COUNTY SHERIFFS DEPT;
SHERIFF DUBOIS; CAPT. POTTER; SGT.
CONROY; SGT. MCCORD; SGT.
BRAUTWEIZER; SGT. MILLER; OFFICER
THOMPSON; OFFICER POUGOWSKI;
OFFICER ROBINSON; OFFICER DONAHUE,

                     Defendants.

21-CV-6180 (PMH)

ORDER OF SERVICE

---

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who is currently detained in the Orange County Jail, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By order dated July 21, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. ("IFP")[1] For the reasons set forth below, the Court dismisses Plaintiff's claims against the Orange County Sheriff's Department, Captain Potter, Sergeants Conroy, McCord, and Miller, and Officer Pougowski, and directs service on the remaining Defendants.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A. Claims against the Orange County Sheriff's Department

Plaintiff's claims against the Orange County Sheriff's Department must be dismissed because city agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). The Court therefore dismisses Plaintiff's claims against the Orange County Sheriff's Department for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Failure-to-Protect Claim against Potter, Conroy, McCord, Miller, and Pougowski

By order dated August 8, 2021, Chief Judge Laura Taylor Swain held that Plaintiff failed to state a claim that Defendants failed to protect him from another inmate looking into Plaintiff's window. (ECF 5). That order granted Plaintiff leave to file amended complaint alleging additional facts to suggest a plausible failure-to-protect claim arising from this incident. On October 7, 2021, Plaintiff filed an amended complaint asserting substantively identical facts regarding this incident.

Because Plaintiff has failed to remedy the deficiencies described in Chief Judge Swain's August 9, 2021 order, the Court dismisses Plaintiff's failure-to-protect claim for the reasons stated in Chief Judge Swain's order. Accordingly, Plaintiff's failure-to-protect claim against Captain Potter, Sergeant Conroy, Sergeant McCord, Sergeant Miller, and Officer Pougowski, which arises solely from this incident, is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Service on remaining Defendants**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the amended complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the amended complaint until the Court reviewed the amended complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the amended complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Orange County, Sheriff DuBois, Sergeant Brautweizer, Officer Thompson, Officer Robinson, and Officer Donahue through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**D.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the amended complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the Orange County Sheriff's Department, Captain Potter, Sergeant Conroy, Sergeant McCord, Sergeant Miller, and Officer Pougowski. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

4

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for Orange County, Sheriff DuBois, Sergeant Brautweizer, Officer Thompson, Officer Robinson, and Officer Donahue and deliver to the U.S. Marshals Service all documents necessary to effect service on these defendants.

Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   White Plains, New York
         November 2, 2021

_____
PHILIP M. HALPERN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. County of Orange
   Office of the Orange County Attorney
   Orange County Government Center
   255 Main Street
   Goshen, NY 10924

2. Sheriff Carl DuBois
   110 Wells Farm Road
   Goshen, NY 10924

3. Sergeant Brautweizer
   Orange County Jail
   110 Wells Farm Road
   Goshen, NY 10924

4. Officer Thompson
   Orange County Jail
   110 Wells Farm Road
   Goshen, NY 10924

5. Officer Robinson
   Orange County Jail
   110 Wells Farm Road
   Goshen, NY 10924

6. Officer Donahue
   Orange County Jail
   110 Wells Farm Road
   Goshen, NY 10924