UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AGAPITO CAMACHO,

                              Plaintiff,

                    -against-

CARL DUBOIS, et al.,

                              Defendants.

**MEMORANDUM OPINION
AND ORDER**

21-CV-06180 (PMH)

PHILIP M. HALPERN, United States District Judge:

Agapito Camacho ("Plaintiff"), currently incarcerated at Fishkill Correctional Facility and proceeding *pro se* and *in forma pauperis* ("IFP"), commenced this action on July 20, 2021 against the County of Orange (the "County"), Sheriff Carl DuBois ("DuBois"), Sergeant Brautweizer ("Brautweizer"), Officer Thompson ("Thompson"), Officer Robinson ("Robinson"), and Officer Donahue ("Donahue," and together, "Defendants"). (Doc. 6, "Am. Compl.").[1] The Court construes Plaintiff's Amended Complaint liberally to raise five claims for relief: (i) First Amendment retaliation against Donahue; (ii) Eighth Amendment sexual abuse against Donahue; (iii) Eighth Amendment failure to protect against all Defendants; (iv) Fourteenth Amendment due process against all Defendants; and (v) a claim of municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) ("*Monell*") against the County. (*See generally* Am. Compl.). Plaintiff seeks damages for emotional trauma in the amount of $20,000,000 as well as

---

[1] Judge Swain, who presided over this case before it was reassigned to me on October 18, 2021, previously dismissed "any claims Plaintiff is asserting under the PREA" with prejudice and directed Plaintiff to amend his Complaint with respect to his remaining claims. *Camacho v. Potter*, No. 21-CV-06180, 2021 WL 3501161, at *2 (S.D.N.Y. Aug. 9, 2021). Plaintiff did so on October 7, 2021. (Am. Compl.) This Court, in an Order of Service dated November 2, 2021, allowed Plaintiff's claims to go forward but dismissed six additional defendants named in the Amended Complaint. (Doc. 10).

injunctive relief in the form of a Prison Rape Elimination Act ("PREA") investigation and sensitivity training at Orange County Jail ("OCJ"), where he was formerly incarcerated. (*Id.*).

Defendants, in accordance with the briefing schedule set by the Court, filed their motion to dismiss on March 8, 2022 with an accompanying memorandum of law. (Docs. 28-30; Doc. 31, "Def. Br."). The Court granted Plaintiff's request for an extension of time to oppose Defendants motion, to June 9, 2022. (Doc. 39). Plaintiff, however, never filed opposition and instead, mailed Defendants' counsel a three-page letter devoid of substantive argument.[2] (*See* Doc. 40-1). The motion was fully submitted upon the filing of Defendants' reply declaration on June 23, 2022, which attached Plaintiff's "opposition" letter for the Court. (Doc. 40).

For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

## BACKGROUND

The Amended Complaint alleges that, during the week of June 21, 2021, Plaintiff witnessed another inmate looking into Plaintiff's yard window and felt uncomfortable about the interaction. (Am. Compl. at 1). Plaintiff allegedly reported the incident to Brautweizer, Thompson, and other officers and tried to file a PREA complaint about it. (*Id.*).

The Amended Complaint also alleges that, on July 6, 2021, Donahue requested that Plaintiff assist him in the supply closet to help carry electronic tablets. (*Id.* at 3). After Plaintiff and Donahue were in the supply closet, Donahue allegedly said to Plaintiff "you fucking spic who do you think you are," mentioned Plaintiff's prior PREA complaints against other officers, and then said "I thought you were tough." (*Id.* at 4). Donahue then allegedly grabbed his own "groin area" while pulling Plaintiff's head towards it and said, "you haven't seen anything yet." (*Id.*).

---

[2] For example, the letter is replete with conclusory statements such as "I will not bow down to the theatrics or useless case law in which you provided".

Plaintiff then stood up and walked out of the supply closet. (*Id.*). Plaintiff, on July 7, 2021, reported the incident to Thompson and Robinson and alleges that they and the remaining Defendants prevented him from filing a PREA complaint against Donahue.[3]

## STANDARD OF REVIEW

A Rule 12(b)(6) motion enables a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). The factual allegations pled "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. "When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556

---

[3] The Amended Complaint contains additional allegations concerning former defendants that the Court omits here because they have been previously dismissed from the case.

U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intell. Agency*, 953 F.2d 26, 28 (2d Cir. 1991)).

However, while "[p]ro se complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*," dismissal is "appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)). Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court does, however, have a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

Plaintiff's three-page "opposition" letter to Defendants' counsel, discussed *supra*, can hardly be considered a formal opposition brief, and Defendants' motion is for all intents and purposes, unopposed. When deciding an unopposed motion to dismiss, "the Court is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency. Thus, although a party is to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.'" *Law v. Corizon Med. Servs.*, No. 13-CV-05286, 2014 WL 2111675, at *3 (S.D.N.Y. May 12, 2014) (quoting *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000)). It is, therefore, appropriate for the Court to test the sufficiency of the Amended Complaint even without the benefit of a formal opposition to the motion other than Plaintiff's three-page opposition letter.

## ANALYSIS

Plaintiff brings his Amended Complaint under § 1983, which provides in pertinent part that "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. "This language does not create substantive rights; rather, it creates a mechanism by which individuals can vindicate the violation of rights secured elsewhere." *Santucci v. Levine*, No. 17-CV-10204, 2021 WL 76337, at *3 (S.D.N.Y. Jan. 8, 2021). Thus, to state a claim under § 1983, Plaintiff must demonstrate "(1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under color of state law, or a state actor." *Id.*; *see also Town & Country Adult Living, Inc. v. Vill./Town of Mount Kisco*, No. 17-CV-08586, 2019 WL

1368560, at *17 (S.D.N.Y. Mar. 26, 2019). The "first step in any [§ 1983] claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Court, affording the *pro se* Plaintiff with the special solicitude required, construes the Amended Complaint as raising five claims for relief under § 1983: (i) First Amendment retaliation against Donahue; (ii) Eighth Amendment sexual abuse against Donahue; (iii) Eighth Amendment failure to protect against all Defendants; (iv) Fourteenth Amendment due process against all Defendants; and (v) a *Monell* claim against the County. The Court will address Plaintiffs' claims *seriatim*.

I.     <u>First Claim for Relief: First Amendment Retaliation</u>

"[T]o sustain a First Amendment retaliation claim, a prisoner must demonstrate the following: (1) that the speech or conduct at issue was protected; (2) that the defendant took adverse action against the plaintiff; and (3) that there was a causal connection between the protected speech and the adverse action." *Handle v. Alexander*, No. 10-CV-9235, 2011 WL 1226228, at *2 (S.D.N.Y. Mar. 22, 2011) (quoting *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004)). An action is "adverse" when it "would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights . . . ." *Ruggiero v. Cty. of Orange*, No. 19-CV-3632, 2020 WL 5096032, at *7 (S.D.N.Y. Aug. 28, 2020) (quoting *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003)). Conduct short of this standard is "simply *de minimis* and . . . outside the ambit of constitutional protection." *Id*. (quoting *Davis*, 320 F.3d at 353). Likewise, under the third element, the "allegations must support an inference that the protected conduct was 'a substantial or motivating factor for the adverse actions taken by prison officials.'" *Dorsey v. Fisher*, 468 F. App'x 25, 27 (2d Cir. 2012) (quoting *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003)). Bearing in mind that "[c]ourts properly approach prisoner retaliation claims with skepticism and particular

care[ ] because virtually any adverse action taken against a prisoner by a prison official . . . can be characterized as a constitutionally proscribed retaliatory act," *Davis*, 320 F.3d at 352 (internal quotation marks omitted), "[c]onclusory allegations will not suffice; instead, a prisoner's claim for retaliation must be supported by specific and detailed factual allegations." *Vogelfang v. Capra*, 889 F. Supp. 2d 489, 517 (S.D.N.Y. 2012) (internal quotation marks omitted).

Plaintiff alleges that Donahue "beg[an] to address the fact that [Plaintiff] wrote up his supervisors for the PREA issues" before making a "bias[ed] comment" toward him and threatening that "you haven't seen anything yet." (Am. Compl. at 4). Defendants first argue that Plaintiff had never actually filed PREA complaints before his interaction with Donahue and that, therefore, he cannot establish any protected activity. (Def. Br. at 13). The Court declines to wade into this factual issue because, even assuming that Plaintiff engaged in protected activity, he fails to allege that an adverse action was taken against him.

"Vague, non-specific allegations of verbal harassment do not constitute adverse actions sufficient to state a retaliation claim." *Charles v. Rockland Cnty. Off. of the Sheriff*, No. 16-CV-00166, 2019 WL 1299804, at *5 (S.D.N.Y. Mar. 21, 2019) (internal quotation removed); *see also Corley v. City of New York*, No. 14-CV-03202, 2017 WL 4357662, at *19 (S.D.N.Y. Sept. 28, 2017) ("Insulting or disrespectful comments directed at an inmate generally do not rise to the level of a constitutional violation."). That Donahue made a biased comment or a vague threat is simply insufficient to establish adverse action.  Likewise, the slight physical contact that Plaintiff alleges Donahue made with him (grabbing the back of his head) is similarly insufficient to establish an adverse action because "[e]ven where a Plaintiff alleges physical harm, courts have held that the harm must be more than *de minimis* to state a constitutional claim." *See id.* (finding a prisoner's physical removal from a room to "not [be] the kind of action that would deter a person of ordinary

firmness from continuing to exercise his or her constitutional rights" and therefore not an adverse action). Because the retaliation alleged by Plaintiff does not rise to the level of a constitutional violation, is stated "in wholly conclusory terms," and is not "supported by specific and detailed factual allegations," his claim fails as a matter of law. *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015).

Plaintiff's First Amendment retaliation claim is, accordingly, dismissed.

II.     <u>Second Claim for Relief: Eighth Amendment Sexual Abuse</u>

"Under the Eighth Amendment, conditions of confinement 'must not involve the wanton and unnecessary infliction of pain.'" *Vann v. Griffin*, No. 16-CV-09903, 2018 WL 6199860, at *6 (S.D.N.Y. Nov. 28, 2018) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "[S]exual abuse of a prisoner by a corrections officer may in some circumstances violate the prisoner's right to be free from cruel and unusual punishment." *Boddie v. Schnieder*, 105 F.3d 857, 860-61 (2d Cir. 1997). However, the violation must be: (1) objectively serious, and (2) committed by a defendant with subjective culpability. *See e.g., Castro-Sanchez v. N.Y.S. Dep't of Corr. Servs.*, No. 10-CV-08314, 2012 WL 4474154, at *2-3 (S.D.N.Y. Sept. 28, 2012).

Plaintiff fails to allege that the conduct complained of here was objectively serious. Plaintiff alleges that Donahue "grab[bed] [him] by the back of [the] head and . . . forc[ed] [his] face toward [Donahue's] groin area." (Am. Compl. at 4). This interaction appears to have occurred for no more than a few seconds based on the simultaneous dialogue, and Plaintiff acknowledges that he readily stood up and walked away. *Id.* Courts have consistently found that such brief contact fails to establish an Eighth Amendment violation as a matter of law. *See, e.g., Boddie*, 105 F.3d at 861 (upholding dismissal of sexual abuse claim based on an officer grabbing an inmate's penis and making lewd comments toward him); *Cole v. Suffolk Cnty. Corr. Facility*, No. 20-CV-01883,

2020 WL 2113205, at *3-4 (E.D.N.Y. May 4, 2020) (finding two instances of an officer groping an inmate's penis to be "too similar to the type of incidental contact accompanying a run-of-the-mill pat down to reasonably infer any inappropriate touching or malicious intention."); *Scalpi v. Amorim*, No. 14-CV-02126, 2018 WL 1606002 (S.D.N.Y. Mar. 29, 2018) (collecting cases and finding that courts in the Second Circuit consistently find no violation for brief contact with an inmate's breasts or genitals during a pat down); *Castro-Sanchez*, 2012 WL 4474154, at *2-3 (officer's groping of inmate's buttocks not sufficiently serious); *cf. Crawford*, 796 F.3d 252 (fondling plaintiff's penis in front of plaintiff's wife with accompanying demeaning comments was sufficiently serious). The alleged contact here does not meet the level of objective seriousness recognized by the Second Circuit as objectively serious. No further analysis with respect to the subjective element is required. *See, e.g. Rivera v. Connolly*, No. 18-CV-03958, 2022 WL 1785313, at *6 (S.D.N.Y. June 1, 2022).

Plaintiff's Eighth Amendment sexual abuse claim is, accordingly, dismissed.

III.     Third Claim for Relief: Eighth Amendment Failure to Protect

The Eighth Amendment also requires that prison officials "take reasonable measures to guarantee the safety of inmates in their custody." *Rennalls v. Alfredo*, No. 12-CV-5300, 2015 WL 5730332, at *3 (S.D.N.Y. Sept. 30, 2015) (quoting *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996)); *see also Rembert v. Cheverko*, No. 12-CV-9196, 2014 WL 3384629, at *5 (S.D.N.Y. July 10, 2014) (quoting *Farmer*, 511 U.S. at 832-33; *Randle v. Alexander*, 960 F. Supp. 2d 457, 471 (S.D.N.Y. 2013). However, while prison officials have a duty to protect prisoners, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Fair v. Weiburg*, No.

02-CV-9218, 2006 WL 2801999, at *4 (S.D.N.Y. Sept. 28, 2006) (quoting *Farmer*, 511 U.S. at 834).

As with Eighth Amendment sexual abuse, in order to support his failure to protect claim, Plaintiff must plead facts sufficient to establish both an objective and subjective prong. *Edwards v. Black*, No. 20-1677, 2021 WL 1748478, at *1 (2d Cir. May 4, 2021). The objective prong in a failure to protect case requires that "[a] plaintiff show a substantial risk of harm from either a specific assailant or a more general risk of harm due to the conditions at the time of the attack, such as where a substantial risk of inmate attacks was longstanding, pervasive, [or] well-documented." *Dietrich v. Cty. of Orange*, No. 19-CV-10485, 2020 WL 5209816, at *3 (S.D.N.Y. Sept. 1, 2020) (alterations in original, internal citations and quotation marks omitted). As for the subjective prong, "a prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." *Rennalls*, 2015 WL 5730332, at *3 (internal quotation marks omitted).

Plaintiff's allegation that another inmate "look[ed] into the window to [his] cell" (Am. Compl. at 1) falls far short of the objective seriousness required to trigger constitutional protection. Plaintiff pleads no facts to suggest that there was any risk of harm to him in this situation that Defendants ought to have, or even could have, prevented.[4]

Plaintiff's Eighth Amendment failure to protect claim is, accordingly, dismissed.

IV.   <u>Fourth Claim for Relief: Fourteenth Amendment Due Process</u>

"In order for Plaintiff to state plausibly a claim for violation of his Fourteenth Amendment procedural due process rights, he must: (1) identify a protected liberty interest; and (2) identify the

---

[4] The Court, again, need not consider the subjective element of this claim given this disposition. *See, e.g. Rivera v. Connolly*, No. 18-CV-03958, 2022 WL 1785313, at *6 (S.D.N.Y. June 1, 2022).

procedure that deprived him of that liberty interest." *Linares*, 2021 WL 2689736, at *7 (citing *Joseph v. Cuomo*, No. 20-CV-03957, 2021 WL 200984, at *6 (E.D.N.Y. Jan. 20, 2021)). As to the first element, "the threshold issue is always whether the plaintiff has a property or liberty interest protected by the Constitution." *Vogelfang v. Capra*, 889 F. Supp. 2d 489, 510 (S.D.N.Y. 2012) (quoting *Perry v. McDonald*, 280 F.3d 159, 173 (2d Cir. 2001)). Plaintiff alleges that Thompson, Robinson, Brautweizer, DuBois, and the County of Orange "violated [his] constitutional rights by not allowing [him] to file [a] complaint on the crimes of sexual harassment and sexual abuse of Officer Donahue." (Am. Compl. at 7).[5]

However, "[i]n the context of a prison grievance program, a correctional official's failure to comply with state procedural requirements [relating to prison grievances] does not give rise to a due process claim." *Kruppenbacher v. Hann*, No. 20-CV-00110, 2021 WL 5087929, at *1 (S.D.N.Y. Nov. 2, 2021) (citing *Brown v. Graham*, 470 F. App'x 11, 2011 WL 933993, *1 (2d Cir. Mar. 21, 2012) ("[Plaintiff]'s argument that he has a federally-protected liberty interest in the state's compliance with its own prison grievance procedures is meritless.")). Simply put, prisoners do not have a "constitutional right to a prison grievance procedure or to have [their] grievances investigated." *Roseboro v. Gillespie*, 791 F. Supp. 2d 353, 380 (S.D.N.Y. 2011); *see also Swift v. Tweddell*, 582 F. Supp. 2d 437, 445-46 (W.D.N.Y. 2008) ("It is well established . . . that inmate grievances procedures are undertaken voluntarily by the states, that they are not constitutionally required, and accordingly that a failure to process, investigate or respond to a prisoner's grievance does not in itself give rise to a constitutional claim."). Plaintiff does not have a cognizable liberty

---

[5] The Court notes that, although Defendants do not dedicate an independent branch of their motion to this Fourteenth Amendment claim, they address the issue in sum and substance. (*See, e.g.* Def. Br. at 4 ("to the extent Plaintiff alleges that the Defendants failed to properly investigate his claims, 'the law is clear, however, that inmates do not enjoy a constitutional right to an investigation of any kind by governmental officials.'" (quoting *Banks v. Annucci*, 48 F. Supp. 3d 394, 414 (N.D.N.Y. 2014))).

interest in the handling of his grievance against Donahue and the fact that Plaintiff's grievance involved PREA does not change this result. *See Johnson v. Cook*, No. 19-CV-01464, 2021 WL 2741723, at *8 (D. Conn. July 1, 2021) ([Defendant's alleged] fail[ure] to properly or thoroughly investigate [Plaintiff's] allegations in connection with her PREA complaint against Officer Sendzik . . . do not [establish] a violation of [Plaintiff's] constitutionally or federally protected rights.").

Plaintiff's Fourteenth Amendment due process claim for relief is, accordingly, dismissed.

V.      Fifth Claim for Relief: *Monell*

Under *Monell* and its progeny, a municipality may be held liable where a plaintiff's constitutional rights are violated because of a municipal policy or custom. *See Jimenez v. City of New York*, No. 18-CV-07273, 2020 WL 1467371, at *3 (S.D.N.Y. Mar. 26, 2020) ("Plaintiff must plead allegations that 'the government body *itself* subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation.'" (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original)). "[T]o prevail on a claim against a municipality under section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the injury." *Triano v. Town of Harrison, New York*, 895 F. Supp. 2d 526, 531 (S.D.N.Y. 2012) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008)). Such a claim "cannot lie in the absence of an underlying constitutional violation." *Galgano v. Cty. of Putnam*, No. 16-CV-03572, 2020 WL 3618512, at *9 (S.D.N.Y. July 2, 2020) (quoting *DeRaffele v. City of New Rochelle*, No. 15-CV-00282, 2017 WL 2560008, at *6 (S.D.N.Y. June 13, 2017)).

Plaintiff's *Monell* claim fails for two reasons. First, Plaintiff has not sufficiently alleged any underlying deprivation of his constitutional rights, as discussed *supra*. *See Galgano*, 2020 WL 3618512, at *9. Second, the Amended Complaint is completely devoid of facts relating to any municipal policy or practice. *See Oriental v. Vill. of Westbury*, No. 18-CV-03878, 2019 WL 4861413, at *4 (E.D.N.Y. Oct. 2, 2019) (dismissing *Monell* claim where "the complaint contain[ed] only a detailed account of plaintiffs' own experiences").

Plaintiff's *Monell* claim for relief is, accordingly, dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. Plaintiff's claims are dismissed with prejudice.[6]

Plaintiff cannot cure the defects in the Amended Complaint through further amendment. While "[d]istrict courts should frequently provide leave to amend before dismissing a *pro se* complaint . . . leave to amend is not necessary when it would be futile." *Reed v. Friedman Mgmt. Corp.*, 541 F. App'x 40, 41 (2d Cir. 2013) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Moreover, "leave to amend may be denied if [as here] the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies." *Barnett*, 2022 WL 1775716, at *2.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order of Dismissal would not be taken in good faith, and therefore IFP status is denied for the purpose of

---

[6] Based on the Court's findings herein that Plaintiff fails to state an underlying claim for relief against any Defendant, it need not and does not address Defendants' additional arguments as to personal involvement or failure to exhaust administrative remedies. (Def. Br. at 3-7, 15-17). The Court also need not address Defendants' argument as to supplemental jurisdiction (Def. Br. at 17) because Plaintiff does not raise any claims for relief under state law.

13

an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of the Court is respectfully directed to: (i) terminate the motion sequence pending at Doc. 29; (ii) mail a copy of this Memorandum Opinion and Order to Plaintiff; and (iii) close this case.

**SO ORDERED:**

Dated:   White Plains, New York
         December 19, 2022

_____

PHILIP M. HALPERN
United States District Judge

14